The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR20-184 RSL |
|---|---|
| Plaintiff | |
| v. | PROTECTIVE ORDER |
| PAUL HAMILTON, | |
| Defendant. | |

This matter having come before the Court on a Stipulated Motion for Entry of a Discovery Protective Order, the Court hereby enters the following:

## DISCOVERY PROTECTIVE ORDER

**A.  Definitions**

As used in this Order, the term "Protected Information" means any date of birth, Social Security number, driver's license number, bank account number, credit card number, personal identification number, address, telephone number, name and/or location of employment, criminal history record, background check, immigration history/status, and/or any other similar information or number implicating a privacy interest of and belonging to an individual, business, partnership, or corporation.

PROTECTIVE ORDER
*United States v. Hamilton,* 20CR-184 RSM - 1

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

As used in this Order, the term "Protected Material" means any document or other record containing or reflecting Protected Information.

**B.     Permissible Disclosure of Protected Information and Protected Material**

The United States will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of the Protected Material is limited to defense counsel, her investigators, paralegals, assistants, law clerks, and experts (hereinafter collectively referred to as "members of the defense team").

Members of the defense team may review Protected Information and/or Protected Material with the Defendant.  The Defendant may visually inspect and review such documents but shall not be allowed to possess Protected Information (such as unredacted copies of Protected Material, notes, copies, or photographs of such Protected Material containing Protected Information).  The Defendant may possess documents from which all Protected Information has been redacted.  Notwithstanding the terms of this Order, defense counsel may provide electronic copies of any Protected Material to the Education Department in the Federal Detention Center at SeaTac, Washington, along with a completed copy of the FDC's Electronic Discovery and Legal Material Authorization Form.  Defendant will not be permitted to have a copy of this material in his cell, but may review it at the FDC Education Department pursuant to BOP and FDC SeaTac's policies and procedures.

Members of the defense team may review or discuss the contents of documents containing Protected Material with any prospective witness, as long as they do not share the unredacted documents, or share any Protected Information with any prospective witness.

**C.     Consent to Terms of Protective Order**

The attorney of record for the Defendant is required, prior to disseminating any copies of the Protected Material to permitted recipients, such as other members of the defense teams, to provide a copy of this Protective Order to those permitted recipients,

PROTECTIVE ORDER
*United States v. Hamilton,* 20CR-184 RSM  - 2

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 and to obtain the written consent by those recipients of the terms and conditions of this
2 Protective Order. Such written consent shall not, however, be required with respect to
3 members of the defense teams who are employed by the same office as the attorney of
4 record; in such case, it shall be sufficient for the attorney of record to provide a copy of
5 this Protective Order to such other members of the defense teams and to remind them of
6 their obligations under the Order. The written consent need not be disclosed or produced
7 to the United States unless requested by the United States Attorney's Office for the
8 Western District of Washington and ordered by the Court.

**D.     Parties' Reciprocal Discovery Obligations**

Nothing in this order should be construed as imposing any discovery obligations on the government or the Defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

**E.     Filing of Protected Material**

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

**F.     Maintenance**

Members of the defense team shall keep any Protected Material secured whenever the Protected Material is not being used in furtherance of their work in the above-captioned case. All documents containing Protected Material shall be maintained securely solely in the possession of defense counsel's law firm once all charges are resolved by dismissal or by final conviction. The provisions of this Order shall not terminate at the conclusion of this prosecution.

PROTECTIVE ORDER
*United States v. Hamilton,* 20CR-184 RSM - 3

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

G.  **Modification**

The parties agree that this Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by other order of the Court.

DATED this __14th__ day of _____January_____ , 2021.

_____
Robert S. Lasnik
United States District Court Judge

Presented by:

*/s/ Marie Dalton*
MARIE M. DALTON
Assistant United States Attorney

*/s/ Corey Endo*
COREY ENDO
Counsel for Paul Hamilton

PROTECTIVE ORDER
*United States v. Hamilton,* 20CR-184 RSM - 4

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970